UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JOSEPH D. CLARK,
      Plaintiff,

      v.                                                                                  Civil Action
                                                                      No. 13-12751-RWZ
JOHN L. UNDZIS, ET AL.,
      Defendants.

MEMORANDUM AND ORDER

ZOBEL, D.J.

On October 28, 2013, plaintiff Joseph D. Clark ("Clark"), a prisoner at MCI Cedar Junction, filed a civil rights action under 42 U.S.C. § 1983 against prison officials and prison employees.[1]  Clark alleges, *inter alia*, that after he complained about hazardous conditions (snow and ice) in the exercise yard, the defendant correctional officers used excessive force against him on January 28, 2011.  He also claims that prison officials failed to intervene, that his property was wrongfully confiscated, and that his exercise privileges were suspended without a hearing.

Along with the Complaint, Clark filed a Motion for Leave to Proceed *in forma pauperis* (Docket No. 3), and a Motion to Appoint Counsel (Docket No. 2).

DISCUSSION

I.      The Motion for Leave to Proceed *In Forma Pauperis*

Upon review of Clark's financial disclosures and his prison account statement, his Motion for Leave to Proceed *in forma pauperis* (Docket No. 3) will be ALLOWED. However, because Clark is a prisoner, he is obligated to make payments toward the

---

[1] This action was assigned as related to Clarke v. Clarke, et al., Civil Action No. 11-11490-RWZ.

filing fee pursuant to 28 U.S.C. § 1915(b).

In light of this, it is hereby Ordered that:

A.  Plaintiff Joseph D. Clark is assessed an initial partial filing fee of $ 6.50, pursuant to 28 U.S.C. § 1915(b)(1)(A);[2]

B.  The remainder of the fee $ 343.50 is to be assessed and collected in accordance with 28 U.S.C. § 1915(b)(2).

This assessment is made apart from any other assessments made in other civil actions filed by Clark; however, because Clark is a frequent filer, for purposes of clarification for crediting any funds received, and to facilitate proper record-keeping by the Treasurer's Office at MCI Cedar Junction and by the Clerk's Office Accounting Department, this Court intends that any funds received from Clark's prison account first be applied to any prior Order of a Court assessing a filing fee pursuant to 28 U.S.C. § 1915.[3]

---

[2]This assessment was based on a manual calculation of the average monthly deposits over a roughly six-month period based on the prison account information submitted by Clark.  This assessment is made without prejudice to Clark seeking reconsideration provided he submit an alternative calculation based on credible evidence in accordance with 28 U.S.C. § 1915(b).  Further, this assessment is made notwithstanding that Clark may not have sufficient funds in his prison account to pay the initial partial filing fee assessment.  The *in forma pauperis* statute provides that the filing fee be "assessed"but "collection" of the fee is to be made "when funds exist." 28 U.S.C. § 1915(b)(1).

[3]In other words, Clark's filing fee obligation in this action shall be collected consecutively and not simultaneously with any prior filing fee obligation imposed by any court.  See Ruston v. NBC Television, USCA No. 06-4672-cv (2d Cir. 2009) citing Whitfield v. Scully, 241 F.3d 264, 277 (2d Cir. 2001).  See also Lafauci v. Cunningham, 139 F. Supp. 2d 144, 147 (D. Mass. 2001) (reviewing decisions of the courts of appeals for the Second, Seventh, and District of Columbia circuits, and indicating that "the simultaneous collection of filing fees from indigent prisoners may raise serious constitutional concerns").

II.      <u>Screening of the Complaint</u>

Clark is subject to the provisions of the Prison Litigation Reform Act.  The Prison Litigation Reform Act of 1995 ("PLRA"), Title VIII of Pub.L. 104-134, 110 Stat. 1321-1375 (1996), enacted several provisions which grant this Court the authority to screen and dismiss prisoner complaints.  <u>See</u> 28 U.S.C. § 1915 (proceedings *in forma pauperis*);[4] 28 U.S.C. § 1915A (screening of prisoner suits against governmental officers and entities).[5]

In connection with the preliminary screening, Clark's *pro se* Complaint is construed generously.  <u>Hughes v. Rowe</u>, 449 U.S. 5, 9 (1980); <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972); <u>Instituto de Educacion Universal Corp. v. U.S. Dept. of Education</u>, 209 F.3d 18, 23 (1st Cir. 2000).

Although Clark's Complaint is not pristine, this Court will permit this action to proceed in its entirety and require the defendants to respond to the Complaint after service of process has been effected.

---

[4] Section 1915 authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action lacks an arguable basis either in law or in fact, <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989), or if the action fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief.  <u>See</u> 28 U.S.C. § 1915(e)(2)(B) (ii) and (iii). *In forma pauperis* complaints may be dismissed *sua sponte* and without notice under § 1915 if the claim is based on an indisputably meritless legal theory or factual allegations that are clearly baseless.  <u>Neitzke</u>, 490 U.S. at 327-328; <u>Denton v. Hernandez</u>, 504 U.S. 25, 32-33 (1992).

[5] Section 1915A authorizes the Court to review prisoner complaints in civil actions in which a prisoner seeks redress from a governmental entity, or officers or employees of a governmental entity, and to dismiss the action regardless of whether or not the plaintiff has paid the filing fee, if the complaint lacks an arguable basis in law or fact, fails to state a claim, or seeks relief from a defendant immune from such relief.  28 U.S.C. § 1915A.

III. <u>Issuance of Summonses and Service by the United States Marshal Service</u>

In light of the above, this Court will direct the Clerk to issue summonses with respect to each defendant (*i.e.*, John I. Undzis, Matthew S. Allaire, Derek R. McGovern, Bruce D. Strafford, Luis Spencer, and Allison Hallett).  Further, because Clark is proceeding *in forma pauperis*, this Court will order the United States Marshal Service to effect service of process as directed by Clark, and to advance the costs of service.

IV. <u>The Motion for Appointment of Counsel</u>

Under 28 U.S.C. § 1915(e)(1), the court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1).  However, a civil plaintiff lacks a constitutional right to free counsel. <u>Desrosiers v. Moran</u>, 949 F.2d 15, 23 (1st Cir. 1991).  In order to qualify for appointment of counsel, a party must be indigent and exceptional circumstances must exist such that denial of counsel will result in fundamental unfairness impinging on the party's due process rights. <u>Id.</u>  To determine whether exceptional circumstances sufficient to warrant the appointment of counsel are present in a case, the court must examine the total situation, focusing on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent him or herself. <u>Id.</u> at 24.

This Court recognizes that in Clark's prior pending civil action regarding the conditions of confinement, *pro bono* counsel was appointed.  It also recognizes that Clark cannot afford an attorney, he is not skilled in the law, and his access to legal materials is limited.  Nevertheless, while Clark makes assertions that are troubling in this case, his request for *pro bono* counsel is premature.  This Court cannot adequately gauge the merits of Clark's claims without considering the response from the defendants to the allegations.  Thus, the Court finds the expenditure of scarce *pro bono* resources is not warranted at this time.

Accordingly, Clark's Motion for Appointment of Counsel (Docket No. 2) will be DENIED without prejudice to renew after responsive pleadings have been filed by the defendants, and upon a motion with good cause shown in light of the responses.

## CONCLUSION

Based on the foregoing, it is hereby Ordered that:

1. Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Docket No. 3) is ALLOWED and the filing fee is assessed pursuant to 28 U.S.C. § 1915(b);

2. The Clerk shall issue summonses as to each defendant (*i.e.*, John I. Undzis, Matthew S. Allaire, Derek R. McGovern, Bruce D. Strafford, Luis Spencer, and Allison Hallett);

3. The Clerk shall send the summonses, Complaint, and this Memorandum and Order to the plaintiff, who must thereafter serve the defendants in accordance with Federal Rule of Civil Procedure 4(m).  The plaintiff may elect to have service made by the United States Marshal Service.  If directed by the plaintiff to do so, the United States Marshal Service shall serve the summonses, Complaint, and this Memorandum and Order upon the defendants in the manner directed by the plaintiff, with all costs of service to be advanced by the United States Marshal Service.  Notwithstanding Fed. R. Civ. P. 4(m) and Local Rule 4.1, the plaintiff shall have 120 days from the date of this Order to complete service; and

4. Plaintiff's Motion for Appointment of Counsel (Docket No. 2) is DENIED.


SO ORDERED.

/s/ Rya W. Zobel
RYA W. ZOBEL
UNITED STATES DISTRICT JUDGE

DATED: November 8, 2013